MEMORANDUM **
Gustavo Adolfo Orozco-Vasquez (“Or-ozco”), a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decisions denying, in relevant part, Orozco’s application for asylum and his motion for reconsideration. We have jurisdiction under 8 U.S.C. § 1252.
The BIA adopted and affirmed the IJ’s decision, citing Matter of Burbano, 20 I. & N. Dec. 872, 874 (BIA 1994). We therefore review the IJ’s decision as if it were the decision of the BIA. See Abebe v. Gonzales, 432 F.3d 1037, 1040-41 (9th Cir.2005) (en banc). In this case, the BIA’s order included additional comments, which are also reviewed.
The IJ assumed that Orozco had established past persecution but denied asylum *84 on the grounds of changed country conditions. Assuming that Orozco had shown past, persecution, he would enjoy a presumption of a well-founded fear of future persecution and the government would bear the burden of establishing changed country conditions rebutting this presumption. See Tarubac v. I.N.S., 182 F.3d 1114, 1119-20 (9th Cir.1999). The IJ erred as a matter of law when she assumed that Orozco had established past persecution but then placed the burden on him to establish a well-founded fear of future persecution. See id.
With regard to the BIA’s comment on Orozco’s claim of past persecution, the BIA found that Orozco had failed to establish the requisite nexus between his mistreatment and a statutorily protected ground. Orozco argued that he was kidnapped and beaten on account of his imputed political opinion and membership in a particular social group consisting of family members of Carola Orozco. Insofar as the BIA held that Orozco failed to establish a nexus between his mistreatment and his political opinion because he “never expressed any particular opinion,” the BIA erroneously treated the lack of an expressed political opinion as dispositive of his claim of imputed political opinion. See Kumar v. Gonzales, 444 F.3d 1043, 1054 (9th Cir.2006).
The BIA also suggested that this was a case of simple guerrilla recruitment. But, the record does not reference any attempt by Orozco’s captors to recruit him. Instead, Orozco alleges that his persecution was on account of pro-government political opinions imputed to him when his sister refused to engage in anti-government activities at her university. Cf. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 483 n. 2, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (providing a clear example of how the record might support a finding of attempted guerilla recruitment).
The BIA failed to address Orozco’s additional contention that he was targeted on account of his membership in a particular social group consisting of family members of Carola Orozco. This is a factual issue best addressed by the BIA in the first instance. See Gonzales v. Thomas, 547 U.S. 183, 186-87, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006).
We remand so that the BIA may properly determine whether Orozco has established past persecution on the basis of a statutorily protected ground. See I.N.S. v. Orlando Ventura, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).
The BIA’s determination that Orozco is ineligible for a discretionary grant of asylum under 8 C.F.R. § 1208.13(b)(l)(iii) was based on its legally erroneous finding that Orozco did not establish past persecution.
Orozco’s petition for review is granted and the matter is remanded for further proceedings consistent with this disposition.
GRANTED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.